JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Jonathan B. Lee, appeals the trial court's denial of his motion for judgment of acquittal. Having reviewed the arguments of the parties and the pertinent law, for the reasons that follow, we uphold the trial court and deny the appeal.
 I. {¶ 2} On August 16, 2001, the defendant and his two co-defendants met with Robert Hotchkiss at the USA Cellular retail store on Chardon Road in Richmond Heights, Ohio. The defendants presented false contracts and documents in order to obtain fifteen (15) high end cellular phones. The defendant was not known to Mr. Hotchkiss, however the two co-defendants were independent contractor salesmen of the store and were known to Mr. Hotchkiss.
 {¶ 3} The defendants presented a set of three complete contracts involving a total of three different customers. The alleged customers, Eileen Tripepi, Andres Rubio, and Karla Davis were listed on the contracts, and photocopies of their Ohio drivers' licenses were presented with the contracts. The defendants then left the store with fifteen (15) activated cellular phones. The police were notified and the defendants were arrested. After the defendants were caught and indicted, the trial commenced and Robert Hotchkiss was called as the first witness. Mr. Hotchkiss testified that he was a manager for USA Cellular and he detailed the procedures involved in obtaining a cell phone. He further testified that each of the sets of contracts were for five cell phones with service and that each phone was valued between $219 and $299.
 {¶ 4} Wendy Williams testified next as follows: she worked at the USA Cellular store in Richmond Heights and believed that the defendant was an employee of USA Cellular. She stated that the information in the contracts did not match the information on the license photocopies and she was not able to contact the customers.
 {¶ 5} Andres Rubio testified that he did not purchase any phones on August 16, 2001. Furthermore, Andres Rubio stated that he had never seen the contracts which were used to purchase the phones and he did not sign them. Mr. Rubio further testified that he did not know the defendants or the manager and did not authorize anyone to purchase phones on his behalf.
 {¶ 6} Police Officer Steven Molle of the Richmond Heights Police Department testified next. He stated that he responded to the USA Cellular store and spoke with Mr. Hotchkiss. Police Officer Molle testified that he was able to locate the alleged customers, Mr. Rubio, Ms. Tripepi, and Ms. Davis, with the information on the photocopied drivers' licenses. Officer Molle was able to trace the automobile that the defendants used based on the information that Ms. Cindi Reynolds observed when she wrote down the license plate number. Ms. Reynolds works at another business located in the Chardon Road strip mall and wrote down the plate number after she observed some suspicious activity among the three defendants.
 {¶ 7} Later, Andrew Szymanski, a certified forensic document examiner, testified. He identified the defendant's handwriting on the contracts and he identified co-defendant Davis as having written on the contracts presented for the alleged customer Andres Rubio. Eileen Tripepi testified that she never filled out or authorized the contracts that were presented to USA Cellular.
 {¶ 8} After the testimony and the trial, the defendant was charged with forgery (R.C. 2913.31), uttering (R.C. 2913.31), theft (R.C. 2913.02), and taking the identity of another (R.C. 2913.49).
 {¶ 9} The trial started on May 16, 2002. On May 20, 2002, a hearing was conducted at the close of the state's case concerning the defendant's motion for judgment of acquittal. The trial court dismissed counts 1, 2, 3, 10, 11, 12, and 20 of the 22-count indictment. However, counts 4, 5, 6, 7, 8, 9, 13, 14, 15, 16, 17, 18, 19, 21, and 22 were submitted to the jury for its deliberations.
 {¶ 10} On May 21, 2002, the jury, after completion of its deliberations, returned a verdict of guilty of forgery (R.C. 2913.31, F-5) as charged in counts 13, 14, 15, 16, 17, and 18; guilty of uttering (R.C. 2913.31, F-5) as charged in counts 13, 14, 15, 16, 17, and 18; guilty of theft (R.C. 2913.02, F-5) as charged in count 19; not guilty of taking the identity of another (R.C. 2913.49, F-5) as charged in count 21; and guilty of taking the identity of another (R.C. 2913.49, F-5), as set forth under count 22. The jury found the value of the property to be more than $500.00 and less than $5,000.00.
 {¶ 11} On June 20, 2002, defendant was sentenced to two years community control sanctions and 100 hours of community service to be supervised by the Cuyahoga County Adult Probation Department. The trial court granted the defendant's request and appointed counsel for his appeal.
 II. {¶ 12} The defendant proffered two assignments of error. The first assignment of error stated "the trial court erred when it denied appellant's motion for judgment of acquittals, pursuant to Rule 29 of the Ohio Rules of Criminal Procedure."
 {¶ 13} Rule 29 of the Ohio Rules of Criminal Procedure states:
 "(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
 (B) Reservation of decision on motion. If a motion for a judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict, or after it returns a verdict of guilty, or after it is discharged without having returned a verdict.
 (C) Motion after verdict or discharge of jury. If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury."
 {¶ 14} In his first assignment of error, the defendant asserts that the state presented insufficient evidence as to the three counts of forgery and uttering and the one count of identity theft as those counts pertained to the victim, Andres Rubio.
 {¶ 15} When an appellant court reviews the sufficiency of the evidence to support a criminal conviction, it must examine the evidence submitted at trial and determine whether such evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt. The inquiry here is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
 {¶ 16} The state in this particular instance presented sufficient evidence to be considered by the trier of fact as to the four counts pertaining to victim Rubio. Some of the more incriminating evidence that the state presented included the following: (1) the defendants entered the store together, (2) presented the forged contracts together, and (3) left with the misappropriated cellular phones together. In addition to the evidence above, the defendant's own car was used to leave the crime scene. The license plate number that the witness, Ms. Reynolds, gave to the police was successfully traced back to the defendant's car.
 {¶ 17} The defendant was not an employee of USA Cellular and the manager did not know him; however, the manager did know the other defendants. The defendant could not have accomplished his crimes without the aid and company of his co-defendants, thereby demonstrating a common scheme to defraud USA Cellular. The evidence presented at trial and in the record demonstrates that the state presented sufficient evidence to be considered by the trier of fact. The defendant's first assignment of error is overruled.
 III. {¶ 18} The defendant's second assignment of error states that "appellant's conviction for all counts related to the victim Andres Rubio was against the manifest weight of the evidence."
 {¶ 19} In his second assignment of error, the defendant argues that the trial court erred because the manifest weight of the evidence favors his acquittal. When an appellate court evaluates the manifest weight of the evidence, the reviewing court must examine the entire record, weigh the evidence, draw reasonable inferences from the evidence, consider the credibility of witnesses, and determine whether the jury lost its way and created a manifest miscarriage of justice.State v. Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 20} We should grant a new trial only in the "exceptional case in which the evidence weighs heavily against conviction." State v.Lindsey (Jan. 19, 2000), 87 Ohio St.3d 479, 483, citing State v.Thompkins (1997), 78 Ohio St.3d 380, 387.Because "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact," "every reasonable presumption must be made in favor of the judgment" and the trial court's findings of fact. State v. Thompson, 2000 Ohio App. LEXIS 722 (Mar. 1, 2000), Lorain App. No. 98CA007112, unreported, citing State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus and Karches v. Cincinnati
(1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350.
 {¶ 21} The evidence and record at trial established that the defendant was an accomplice in the criminal acts with his co-defendants. The defendant was only able to obtain the phones because of the relationship that the co-defendants already had with the manager.
 {¶ 22} Furthermore, as previously stated, the defendants entered the store together, presented the contracts together, left together, and used the defendant's car. These facts along with the evidence presented at trial, all demonstrate that the jury did not lose its way and that the evidence presented did not result in a miscarriage of justice. The actions of the trial court are supported by competent and credible evidence which established all of the essential elements. After reviewing the record and weighing all of the evidence, this court finds that the appellant's conviction was not against the manifest weight of the evidence.
 {¶ 23} The defendant's second assignment of error is overruled.
 {¶ 24} We therefore overrule each of the defendant's assignments of error and affirm the trial court's judgment.
FRANK D. CELEBREZZE, JR., P.J. and DIANE KARPINSKI, J. CONCUR.